IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENISE M. CAMPBELL,                    )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )        Case No. 21-cv-1423-DWD
                                       )
ELECTROLUX PROFESSIONAL                )
NORTH AMERICA,                         )
JILL E. RICHARDSON,                    )
DARRELL W. RICHARDSON, and             )
EJ MOTEL,                              )
                                       )
            Defendant.                 )

ORDER REMANDING CASE

DUGAN, District Judge:

This matter is before the Court on the Motion to Dismiss (Doc. 10) filed by Defendant Electrolux Professional North America ("Electrolux").[1]  Electrolux seeks to dismiss the complaint for a failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  However, because the Court lacks jurisdiction to consider the motion, this case will be remanded.

Background

On November 15, 2019, Plaintiff Denise M. Campbell, proceeding *pro se*, filed her complaint against Defendants Electrolux, Jill E. Richardson, Darrell W. Richardson, and EJ Motel in the Circuit Court for the Twentieth Judicial District, St. Clair County, Illinois

---

[1] Electrolux represents that it was improperly named, and that its proper name is Electrolux Home Products, Inc. (Doc. 1).

(Doc. 1-2).  Plaintiff seeks $44 million dollars in damages arising from alleged injuries caused when she was electrocuted by of Defendant Electrolux's products while she was staying at EJ Motel (*Id.*).  Her injuries are alleged to have occurred on November 17, 2017 (*Id.*).  As of October 2021, Plaintiff failed to secure service upon any of the Defendants.  *See Denise M. Campbell v. Electrolux Professional North America, et. al*, Case No. 19-L-0801 (St. Clair County, Illinois) (Doc. 1-2).

On or about October 13, 2021, Plaintiff mailed an Alias Summons and a copy of her complaint to Electrolux by certified mail to: "Alen Shaw, President and Chief Executive Officer, Electrolux Professional North America, 10200 David Taylor Drive, Charlotte, N.C. 28262" (Doc. 1-2, p. 11).  Upon receipt of this mailing, Electrolux removed the case to this Court on November 12, 2021, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441 (Doc. 1).  The removal was timely under 28 U.S.C. § 1446(b)(1) because Electrolux filed its notice within thirty days of receipt of Plaintiff's Summons and Complaint (Doc. 1). [2]

## Discussion

Electrolux challenges the sufficiency of Plaintiff's service of process and argues that Plaintiff's claims against it should be dismissed with prejudice pursuant to Illinois

---

[2] *See* 28 U.S.C. § 1446(b)(1) (the notice of removal must be filed "within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.") (emphasis added).  Although Plaintiff's state court proceedings had been pending for two-years at the time of removal, 28 U.S.C. § 1446(c)'s one-year limitation on removal of diversity cases is not applicable here.  *See Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 633, n.6 (7th Cir. 2007) (the one-year bar to removing diversity cases applies to "cases that are not initially removable.").  Further, the time limits for removal contained in § 1446(b) cannot begin to run until defendants are aware of the pending claim.  *Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

Supreme Court Rule 103(b) (allowing for the dismissal, with prejudice, when plaintiff fails to exercise reasonable diligence to obtain service after the expiration of the applicable statute of limitations). *See* *Kramer v. Ruiz*, --N.E.3d--, 2021 IL App (5th) 200026, ¶ 21, *appeal denied*, 175 N.3d 137 (Ill. 2021); *see also Voogd v. Pavilion Foundation*, 122 Fed.Appx. 850, 852 (7th Cir. 2004).[3]  While the circumstances under Illinois Supreme Court Rule 103(b) may be applicable here – where Plaintiff has failed to secure service over two years after first filing her lawsuit, and four years after the events giving rise to the suit occurred – the Court must first be assured of its jurisdiction.  28 U.S.C § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021), *cert denied*, 2022 WL 89383 (U.S. Jan. 10, 2022) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction.").

A case that begins in state court is removable to federal court only if it could have originally been brought in federal court.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Electrolux asserts that jurisdiction in this Court is founded upon diversity of citizenship (Doc. 1).   As the party asserting diversity jurisdiction, Electrolux

---

[3]Because Electrolux challenges Plaintiff's conduct which occurred before removal, the Court looks to the laws of the state under which service was made, which here is Illinois.  *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) (citing *Allen v. Ferguson*, 791 F.2d 611, 616 n. 8 (7th Cir. 1986) ("In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made."); *see also* Fed. R. Civ. P. 81(c) (Federal Rules of Procedure govern in removal cases only "after removal").

bears the burden of showing its existence.  *See Hertz Corp. v. Friend,* 559 U.S. 77, 97 (2010); *Page*, 2 F.4th at 634.

The diversity statute requires complete diversity of citizenship, "meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen."  *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997)[4].  As alleged in the complaint and Electrolux's notice of removal, Plaintiff is a citizen of Illinois (Doc. 1-2, p. 8).  Electrolux is a citizen of Delaware and North Carolina (Doc. 1, ¶ 13).  Defendants Jill E. Richardson, Darrell W. Richardson, and EJ Motel are alleged citizens of Illinois (the "Illinois Defendants") (Doc. 1-2, p. 8).[5]  Because Plaintiff and the Illinois Defendants are citizens of Illinois, Electrolux is the only diverse party, and complete diversity is absent.

Electrolux argues that the presence of the Illinois Defendants does not bar removal under 28 U.S.C. § 1441(b)(2) ("the forum defendant rule") because Plaintiff has not yet served the Illinois Defendants (Doc. 1, ¶¶ 14-16).  Indeed, this appears to be a correct application of the forum defendant rule, which prohibits the removability of a diversity action only if any of the parties in interest "*properly joined and served* as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added); *see Knightsbridge Mgmt., Inc. T/A Knightsbridge Rest. Grp. v. Zurich Am. Ins. Co.*, 518

---

[4] Based on Plaintiff's alleged injuries, the amount-in-controversy requirement is not reasonably in dispute here.

[5] Plaintiff's complaint identifies addresses in Belleville, Illinois and East St. Louis, Illinois for the Illinois Defendants (Doc. 1-2, p. 8).  Electrolux does not argue that the Illinois Defendants are not citizens of Illinois, and the current record before the Court does not support a dispute concerning the citizenship of the Illinois Defendants.

F. Supp. 3d 1248, 1253 (S.D. Ill. 2021) (colleting cases); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 656822, at * 4 (S.D. Ill. Feb. 22, 2013) ("The vast majority of courts . . . have concluded that, where diversity exists, the presence of an unserved forum defendant does not bar removal.").

However, the forum defendant rule goes to the question of ***removability***, and not to determining citizenship so to invoke this Court's diversity jurisdiction. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule is nonjurisdictional); *In re Pradaxa*, 2013 WL 656822, at *3 (the forum defendant rule "is a separate, nonjurisdictional inquiry within its own statutory requirements."). Instead, when determining diversity jurisdiction, "[t]here is no question that the citizenship of all defendants, regardless of service, must be considered." *In re Pradaxa*, 2013 WL 656822, at *3 (citing *Pullman Co. v. Jenkins,* 305 U.S. 534 (1939) (diversity jurisdiction is determined by the citizenship of the parties, regardless of service of process); *see also Chappell v. SCA Servs., Inc.*, 540 F.Supp. 1087, 1090 (C.D. Ill. 1982) ("The fact that service has not yet been made on the resident defendant is insufficient to allow his citizenship to be disregarded.") (rejecting argument that non-service of forum defendant could be disregarded as meritless); *Armstrong v. Monex Intern., Ltd.*, 413 F.Supp. 567, 570 (N.D. Ill. 1976) (holding that "an unserved defendant in a non-separable controversy cannot be disregarded for purposes of removal.").

In *Pullman*, the United States Supreme Court held that the non-service of a resident defendant was insufficient to allow the defendant's citizenship to be disregarded for

diversity purposes. *Pullman*, 305 U.S. at 540.[6]  Instead, the *Pullman* court reasoned that removal would only be justified if the non-resident defendant showed that the unserved resident defendant had not been joined in good faith. *Id.*  But for their non-service, Electrolux does not argue that the Illinois Defendants are fraudulently joined or should otherwise not be considered for diversity purposes.  As such, the Court must consider the citizenships of the Illinois Defendants in considering its jurisdiction.  Because the Illinois Defendants are not diverse from Plaintiff, there is no complete diversity of citizenship between the parties, and the Court does not have subject matter jurisdiction over this matter.  As such, this case will be remanded for want of jurisdiction.

## Disposition

Accordingly, the Court **REMANDS** this case to the Circuit Court for the Twentieth Judicial District, St. Clair County, Illinois pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court, and thereafter **CLOSE** this case.  All pending motions are **DENIED as MOOT**, and all deadlines and hearings are **CANCELLED**.

**SO ORDERED.**

Dated: February 11, 2022

_____
DAVID W. DUGAN
United States District Judge

---

[6]Some courts have questioned the precedential value of the 1939 *Pullman* decision in light of the 1948 amendment to the statutory language of Section 1441(b) – where the specific language "and served" was added.  *See Maple Leaf Bakery*, 1991 WL 1101326, at *1 (N.D. Ill. Nov. 29, 1999) (citing *Duff v. Aetna Casualty and Surety Co.*, 287 F.Supp. 138-39 (N.D. Okl. 1968).  However, the majority of federal courts reason that the *Pullman* rule remains intact despite the 1948 amendment, "and is grounds for granting remand even though the resident defendant *who destroys diversity* has not been served." *Id.* (citing *Armstrong v. Monex Int'l*, 413 F.Supp. 567 (N.D. Ill. 1976) (emphasis in original).